Davis, J.,
delivered the opinion of the court:
The loth section of the .¿Lei of March 2,1867 (14 Stat. L., 481), authorized the Secretary of the Treasury to adopt, procure, and prescribe a meter for ascertaining the strength and quality of spirits subject to tax. On the 27th April, 1867, the Secretary decided to adopt the Tice meter, should it prove acceptable ■on trial, and agreed with Tice that should it be adopted, and should the order adopting it be revoked, Tice should be paid for all instruments, not to exceed, twenty-sets, completed or in process of completion at .the time of the discontinuance. The meter gave satisfaction and was adopted.
On the 3d February, 1868, by joint resolution of Congress (15 Stat. L., 247), all work on the construction of meters was suspended until a meter should be adopted according to law, and it was provided that no further contracts should be made by the .Secretary of the Treasury for the construction of meters.
By section 2 of the Act of -July 20,1868 (15 Stat. L., 125), the Commissioner of Internal Revenue was empowered to adopt and prescribe meters for use. On the 16th September, 1868, he adopted the Tice meter, and agreed with Tice that the sets then completed or in process of completion should be made ready for delivery at once. It is not questioned that all such sets were delivered and paid for.
From time to time changes were made in regulations and instructions concerning meters, until, on the 8th June, 1870, all previous ones were revoked by the Commissioner, except as to meters in hand or in process of construction, not exceeding twenty sets, and Tice was informed that neither the government nor any department or officer thereof was or would be respon.sible for or on account of any meters. ■ The use of the Tice meter was entirely discontinued on the'Sth June, 1871.
At the time of this discontinuance the claimant’s intestate, Tice, had fourteen and a half sets on hand, for the value of *116 which this suit is brought, the claimants contending that the contract made by the Secretary of the Treasury in 1867, to pay for the instruments on hand at the time of the discontinuance to the extent of twenty sets, was adopted by the Commissioner of Internal Revenue in 1868, and was made part of all the subsequent proceedings.
We are of opinion that the contract with the Secretary of the Treasury was terminated by the joint resolution of February 3, 1868. The Commissioner of Internal Revenue was authorized by the Act of July 20,1868, only to adopt and prescribe a meter, while the Secretary of the Treasury, under the Act of 1867, had authority to adopt, procure, and prescribe one. The Commissioner, therefore, had no authority to renew the obligation to purchase sets which might be left on hand on discontinuance of their use, and, in point of fact, he contracted no such obligation. Even had such contract been made, however, it would have been terminated by the revocation of June 8,1870, except as to the instruments then on hand, not exceeding twenty sets, and it does not appear from the findings (because not proved as a fact) that any of the fourteen and a half sets above referred to as on hand on the 8th June, 1871, were on hand on the 8th June, 1870.
It was urged at the bar that the original agreement to indemnify the claimant’s intestate against eventual loss was the controlling motive which induced him to invest his capital in the manufacture of articles which became valueless the moment the demand created by government orders was withdrawn. It was argued that the continuing reference throughout the correspondence to the “twenty sets” gave him reason to believe that he was to be indemnified under the contract with the Commissioner as he was entitled to be under the contract with the Secretary, and it was said that, the expected indemnity being eventually refused, he was ruined.
These considerations may properly be addressed to the lawmaking power as a reason for relief; but they cannot be entertained by this court, whose duty is to administer the law as it is.
As it appears that the claimants fail to establish their claim both in law and on the facts, the petition must be dismissed.